IN RE STATE WARRANTS.

Constitutional Law. State warrants issued in pursuance of an appropriation, and secured by a levy of taxes for their payment, are " state securities," within the provisions of section 9, article 8 of the constitution of this state.

REESE, CH. J.

In response to the resolution presented to the supreme court by the house of representatives, in which is requested the opinion of the court upon the question, " Whether or not state warrants drawing interest are state securities un-

der article 8, section 9 of the state constitution?" we have to say : The section referred to in the interrogatory is as follows :

" All funds belonging to the state for educational purposes, the interest and income whereof only are to be used, shall be deemed trust funds held by the state, and the state shall supply all losses thereof that may in any manner accrue, so that the same shall remain forever inviolate and undiminished; and shall not be invested or loaned except on United States or state securities, or registered county bonds of this state; and such funds, with the interest and income thereof, are hereby solemnly pledged for the purposes for which they are granted and set apart, and shall not be transferred to any other fund for other uses."

By this section it will be observed that the funds belonging to the state for educational purposes referred to are denominated "trust funds" held by the state, all losses to be supplied by the state, so that the funds shall remain forever inviolate and undiminished. In other words, the state becomes guarantor of the whole fund, and assumes the attitude of trustee thereof. The state secures the fund against loss. In whatever direction or to whatever purpose the money is invested, the state is still a surety for its safe return to its proper fund. The language contained in the provision, that the fund shall not be "invested or loaned except on United States or state securities," must be construed with reference to and in harmony with the other portions of the section. This being done, there would seem to be no doubt but that state warrants drawing interest and secured by a levy of taxes for their payment are "securities" within the provisions of the section. A careful examination of the language renders it certain to our minds that this construction should be given. It is provided that the fund " shall not be invested or loaned except on United States or state securities, or *registered county bonds of this state.*" Had it been the purpose of the people

in the adoption of this clause to require that the investment in state securities be in the bonds of the state, the distinction would not have been made between state securities and registered county bonds.

It was evidently the purpose that the evidences of indebtedness issued by the state, secured by a levy of taxes for their payment, guaranteed and certain as they would be, should be deemed state securities. But not so with the evidences of county indebtedness. In the latter case the evidences of debt are required to be registered bonds. The framers of the constitution evidently had in mind the extent of the sources from which the permanent funds would be derived, for by section 3 these sources are declared to be the percentum granted by congress on the sale of lands, the sale or leasing of sections numbered sixteen and thirty-six in each township, grants of land to the state, when made for that purpose, the net proceeds of lands and other property which might come to the state by escheat, forfeiture, unclaimed dividends, or distributive shares of the estates of deceased persons, and moneys, stocks, bonds, lands, and other property then belonging to the common school fund. It must have been apparent that the permanent school fund of the state would be largely in excess of the amount of state bonds which might be issued, and which, by section 1 of article 12 of the constitution, is limited to $100,000. And also that the bonds of the United States government, which even then commanded a premium so high that the real income thereof was merely nominal, would, at a reasonably early day, be withdrawn from the market and paid off. Also that the permanent fund which now reaches near the sum of $6,000,000, as shown by the Dec., 1888, report of the superintendent of public instruction, could not be invested in such securities. We are, therefore, of the opinion that state warrants, drawing interest, or which may be made to draw interest by presentation to the state treasurer, which are issued in

pursuance of an appropriation made by the legislature, and secured by a levy of tax for their payment, are "state securities," within the provision of the section of the constitution referred to in your interrogatory.

THE other judges concur..